UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 16-CR-06119-FPG
DECISION AND ORDER

DAVID J. HAYNES,

                        Defendant.

## INTRODUCTION

On October 11, 2023, Defendant David J. Haynes, a prisoner incarcerated at FCI Schuylkill, a federal correctional institution in Minersville, Pennsylvania, filed a *pro se* motion for a sentence reduction. ECF No. 102. On October 27, 2023, the Government filed a response in opposition. ECF No. 104. For the reasons set below, Defendant's motion is DENIED.

## BACKGROUND

On December 5, 2016, Defendant pled guilty to a one count Information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute one (1) kilogram or more of heroin). Defendant admitted in his plea agreement that he and others distributed large amounts of heroin that were sold in Rochester. On March 8, 2017, the Court sentenced Defendant to a term of imprisonment of 180 months. ECF No. 78.

On October 7, 2020, Defendant moved for appointment of counsel and compassionate release under 18 U.S.C. § 3582. ECF No. 81. Defendant's motions were denied on October 16, 2020, and December 16, 2020, respectively. ECF No. 82, 86. Defendant's compassionate release motion was denied *inter alia* after consideration of the sentencing factors in 18 U.S.C. § 3553(a). ECF No. 86.

After exhausting his administrative remedies by submitting correspondence to the Bureau of Prisons pursuant to 18 U.S.C. § 3582, Defendant filed a second motion for compassionate release on May 25, 2022. ECF No. 90. On October 4, 2022, the Court denied Defendant's motion. ECF No. 101. On October 11, 2023, Defendant filed the present motion for a sentence reduction, in which he requests a reduction of his sentence by 10-12 months. ECF No. 102.

## DISCUSSION

### I. The First Step Act

Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), which provides an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed. *United States v. Lucas*, No. 15-CR-143, 2020 U.S. Dist. LEXIS 75428, at *3 (W.D.N.Y. Apr. 29, 2020) (citation, internal quotation marks, and brackets omitted). Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Lucas*, 2020 U.S. Dist. LEXIS 75428 at *3-4; *see also* U.S.S.G. § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

Because the § 3553 factors are considered at sentencing, the Court should not "second guess or to reconsider whether the original sentence was just," but assess whether a "defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision).

### A. Administrative Exhaustion

As discussed, a defendant may bring a motion for a sentence reduction under Section 3582(c)(1)(A) only if they either (1) have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" (the "exhaustion requirement") or (2) thirty days have elapsed since the warden of the defendant's facility received such a request."[1]  18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not indicated whether he has requested the relief sought in the present motion—a reduction in his sentence by 10-12 months—from the BOP or prison warden.  ECF No. 102.  The Court, therefore, cannot determine whether Defendant has satisfied the exhaustion requirement or submitted a request to his facility.  While 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule[,]" not a jurisdictional limitation, and "may be waived or forfeited" by the Government, the Government has not waived or forfeited the requirement in this action, such that the Court may dispense with it.  ECF No. 104; *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (quoting *Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 19-21 (2017)).

Accordingly, Defendant's motion is denied without prejudice.  *See United States v. Frye*, No. 17-CR-006073-FPG, 2020 WL 5366003, at *2 (W.D.N.Y. Sept. 8, 2020).  Defendant may resubmit his motion if he exhausts his administrative remedies with respect to the present request.

### CONCLUSION

For the foregoing reasons, Defendant's motion for sentence reduction, ECF No. 104, is DENIED.

IT IS SO ORDERED.

Dated: November 15, 2023
      Rochester, New York

---

[1] Defendant has not claimed he is entitled to relief under Section 3582(c)(1)(B) or (c)(2), which do not contain an exhaustion requirement.  *See* 18 U.S.C. § 3582(c).

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York