UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 16-CR-06119-FPG

DECISION AND ORDER

DAVID J. HAYNES,

                              Defendant.

## INTRODUCTION

On October 11, 2023, Defendant David J. Haynes ("Defendant"), an inmate at FCI Schuylkill, a federal correctional institution in Minersville, Pennsylvania, filed a *pro se* motion for a sentence reduction. ECF No. 102. On October 27, 2023, the Government responded in opposition. ECF No. 104. On November 15, 2023, the Court denied Defendant's motion because Defendant failed to demonstrate that he had exhausted his administrative remedies. ECF No. 105. On December 13, 2023, Defendant filed a renewed motion for a sentence reduction, ECF No. 106, and on December 27, 2023, the Government responded. ECF No 107. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On December 5, 2016, Defendant pled guilty to a one count Information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute one (1) kilogram or more of heroin). ECF Nos. 71-72. Defendant admitted in his plea agreement that he and others distributed large amounts of heroin that were sold in Rochester. ECF No. 71. On March 8, 2017, the Court sentenced Defendant to a term of imprisonment of 180 months with a period of 5 years supervised release. ECF No. 78.

After submitting correspondence to the Bureau of Prisons pursuant to 18 U.S.C. § 3582, Defendant filed the present motion for a reduction in his sentence. ECF No. 107 at 5.

## DISCUSSION

### I.   The First Step Act

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which provides an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed. *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1-2 (W.D.N.Y. Apr. 29, 2020) (internal quotation marks omitted). Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Lucas*, 2020 WL 2059735, at *2; *see also* U.S.S.G. § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

Because the § 3553 factors are considered at sentencing, the Court should not "second guess or to reconsider whether the original sentence was just," but assess whether a "defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision).

#### A. Administrative Exhaustion

As discussed, a defendant may bring a motion for a sentence reduction under § 3582(c)(1)(A) only if they either (1) have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" (the "exhaustion requirement") or (2) thirty days have elapsed since the warden of the defendant's

facility received such a request."[1]  18 U.S.C. § 3582(c)(1)(A).  Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule[ ]" and accordingly "may be waived or forfeited" by the government.  *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (quoting *Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 19-21 (2017)).

Here, Defendant has satisfied the administrative exhaustion requirement by submitting correspondence to the BOP pursuant to 18 U.S.C. § 3582.  *See* ECF No. 107 at 5.  Accordingly, the Court proceeds to determine whether Defendant has adequately alleged that "extraordinary and compelling" reasons warrant a sentence reduction.

### B.  Whether Extraordinary and Compelling Reasons Exist

Here, Defendant alleges that "extraordinary and compelling" reasons warrant a sentence reduction of 12-24 months based on his "rehabilitation including zero incident reports, non terminal medical ailments, advanced age, and [his low] risk of recidivism."  ECF No. 107 at 1.  Defendant argues that his age of 46 years counsels in favor of a sentence reduction because "recidivism is less likely with age[,]" *United States v. Reyes*, No. 04-CR-970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020), and because an inmate's "physiological age averages 10 to 15 years older than his chronological age" due to stressors associated with incarceration.  ECF No. 107 at 1-2.  In addition, Defendant alleges that he has "limited functionality in one of his legs" and "physical limitations."  *Id*. at 2.  With respect to his rehabilitative efforts, Defendant argues that, while "rehabilitation alone does not justify relief," his participation in a faith-based group, participation in BOP programs to prepare for reentry with no incident reports in the past six months, and "outstanding work performance including performing extra duty as an orderly" and work in FCI Schuylkill's recycling unit should counsel in favor of a reduction.  *Id*. at 3.

---

[1] Defendant has not claimed he is entitled to relief under Section 3582(c)(1)(B) or (c)(2), which do not contain an exhaustion requirement.  *See* 18 U.S.C. § 3582(c).

Defendant has not satisfied his burden of showing entitlement to a reduction. *See generally United States v. Flores*, No. 17-CR-449-17 (KPF), 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020) ("The defendant has the burden to show he is entitled to a sentence reduction." (internal quotation marks omitted)). Courts have "broad discretion" in determining what constitutes an "extraordinary and compelling" circumstance for the purposes of a sentence reduction. *Reyes*, 2020 WL 1663129, at *2; *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (courts "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them […]."). For the reasons below, Defendant does not present "extraordinary and compelling" circumstances that warrant the requested reduction.

   1. **Age and Physical Health**

With respect to Defendant's age and health, Defendant's age is not so advanced as to warrant relief under the First Step Act, and Defendant presents insufficient medical evidence to support his claim that he has "limited functionality" in one leg and "physical limitations." ECF No. 107 at 1-2. U.S. Sentencing Commission Policy Statement 1B1.13 provides that "extraordinary and compelling" circumstances may exist under 18 U.S.C. § 3582(c)(1)(A)(i) where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13.

Defendant is not at least 65 years old, in either a chronological or a physiological sense, under the theory Defendant presents. *See United States v. Minicone*, 521 F. Supp. 3d 163, 169 (N.D.N.Y. 2021) (defendant's "advanced age" of 72, when considered with defendant's cancer diagnosis counseled in favor of sentence reduction); *United States v. Rainone*, 468 F. Supp. 3d 996, 999 (N.D. Ill. 2020) (defendant's "relatively advanced age" of 65, when considered with

defendant's cancer diagnosis and liver disease counseled in favor of reduction). Defendant's allegations of physical limitations and limited leg functionality are likewise unavailing, as they do not establish that Defendant is either "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. Defendant's allegations are conclusory and unsupported by medical evidence, and are accordingly insufficient to warrant a reduction in his sentence. Absent greater detail, the Court is not in a position to determine whether the physical limitations Defendant claims are sufficiently serious. Moreover, Defendant's alleged conditions, without more, are not of the severity typically recognized as counselling in favor of a reduction, and Defendant's clearance for regular duty work suggests that his physical limitations, if they exist, may be manageable. *See Minicone*, 521 F. Supp. 3d at 169.

### 2. Rehabilitation

Second, Defendant's participation in rehabilitative programs and work performance, while commendable, are not sufficient to warrant a reduction. As Defendant recognizes, this Court "may not consider rehabilitation in and of itself as an extraordinary and compelling reason." *United States v. Richiez-Castillo*, No. 00-CR-54-RJA, 2021 WL 1746426, at *6 (W.D.N.Y. May 4, 2021) (quoting *Brooker*, 976 F.3d at 238). Because the Court has concluded that the other circumstances Defendant proffers in support of a sentence reduction are not "extraordinary and compelling," the Court may not find Defendant's rehabilitative efforts alone "extraordinary and compelling" such that they may warrant the requested reduction.

While Defendant's record of participation in rehabilitative programs is positive, and should continue, such a record is not an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A). In addition, as the Court explains below, *see* Section I.C. *infra*, the Court is not convinced that a sentence reduction would not undermine the goals of Defendant's original sentence.

### C. Whether Compassionate Release Would Undermine the Goals of the Original Sentence

Even if Defendant could establish the existence of "extraordinary and compelling" circumstances, the Court would likely conclude that a reduction of his term of imprisonment would be inconsistent with the factors set forth in § 3553(a).

Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
> (5) any pertinent [Sentencing Commission policy statement]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, 453 F. Supp. 3d 601, 605 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. Defendant's offense is serious. Defendant pled guilty to a one count Information

charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute one (1) kilogram or more of heroin). ECF No. 71. On March 8, 2017, the Court imposed a sentence of 180 months imprisonment with a period of 5 years of supervised release, in accordance with the plea agreement under Fed. R. Crim. P. 11(c)(1)(C). ECF Nos. 76, 80. As the Court made clear at sentencing, introducing dangerous drugs into the community, as Defendant did, is a serious offense. ECF No. 80. Defendant has a significant criminal record, which the Court also considered at sentencing. *Id*. at 8. The Court imposed a substantial sentence that reflected its analysis of the § 3553(a) factors at that time.

For the reasons considered at sentencing, Defendant's original sentence was appropriate. Defendant's projected release date is January 2, 2028. Reducing Defendant's sentence as requested would not substantially satisfy the purposes of his original sentence because it would fail to "reflect the seriousness of the offense, [] promote respect for the law, [and] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Accordingly, the Court concludes that Defendant has not met his burden of showing that a sentence reduction is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a sentence reduction is DENIED.

IT IS SO ORDERED.

Dated: January 3, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York